UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| VICTOR M. UTECH, CODGER'S CASTAWAY DEVELOPMENT, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>SPRING CREEK COW CREEK SANITARY DISTRICT,<br><br>Defendant. | 3:25-CV-03027-RAL<br><br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON PRELIMINARY INJUNCTION |

Yesterday, on October 30, 2025, Plaintiffs Victor M. Utech and Codger's Castaway Development, LLC filed a Complaint, Doc. 1, Motion for Temporary Restraining Order & Preliminary Injunction, Doc. 3, Brief in support of that motion, Doc. 4, Certificate of Service indicating that Defendant's counsel received documents by email yesterday, Doc. 6, and an Affidavit of Victor M. Utech with attachments thereto, Docs. 5 and 5-1 to 5-11. This case presents a dispute over whether a residence and planned RV Park development within the boundaries of the Spring Creek/Cow Creek Sanitary District ("the District") must, at reportedly extraordinary expense over a long distance, plumb into water and sewer lines of the District or can avail itself of private wells and septic tanks under existing law. Plaintiffs invoke federal question jurisdiction, making a Fifth Amendment takings clause, a federal Bill of Attainder claim and Due Process claim, as well as a takings claim under the state constitution. Doc. 1.

On October 1, 2025, counsel for the District had written Plaintiffs' then-counsel stating:

> **The District hereby demands that Mr. Utech un-install and cease operation of his personal on-site wastewater and water distribution systems, and immediately connect his personal residence to the District's water and sewer system.**

Doc. 5-6 at 3. The letter continued that if he did not do so within 30 days of the date of the letter, "the District will consider formal legal action to enforce the same." Id.

Rule 65 of the Federal Rules of Civil Procedure governs injunctions and restraining orders, with Rule 65(a) addressing preliminary injunctions and Rule 65(b) addressing temporary restraining orders ("TROs"). TROs issued without notice to the opposing party are only justified if:

> (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiffs' counsel gave notice to the District's counsel yesterday of the suit and filings, and Plaintiffs have filed an affidavit containing specific facts. However, the filings do not "clearly show that immediate and irreparable injury, loss or damage will result to [Plaintiffs] before [the District] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The District has only threatened "formal legal action" for non-compliance after the end of October of 2025, something that the Plaintiffs themselves have now initiated. As Plaintiffs perhaps contemplate in briefing the Dataphase factors, a contested preliminary injunction hearing under Rule 65(a) is more appropriate in deciding whether injunctive relief should enter. See Doc. 4; Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

The undersigned is available to conduct a preliminary injunction hearing in Pierre on Monday, November 24, or Wednesday, November 26, 2025. Therefore, it is

ORDERED that Plaintiffs' motion for temporary restraining order is denied but that Plaintiffs' motion for preliminary injunction is under consideration with counsel directed to coordinate with each other and the Court to select November 24 or 26 for a preliminary injunction evidentiary hearing. It is further

ORDERED that the Clerk of Court email a copy of this Order to Paul Bachand who appears to be counsel for Defendant.

DATED this 31st day of October, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE